## Case No. 8,986.

### In re MALCOM.

[4 Law Rep. 488.]

District Court, S. D. New York. 1842.

BANKRUPTCY — INFORMALITIES IN PETITION— SIGNATURE—ERASURES—SCHEDULE NOT DEFINITE.

In this case, the application of [Robert] Malcom for a decree of bankruptcy was op-posed on the ground of informality in his petition: 1. Because the name of the petitioner was not signed in full. 2. Because there were erasures and interlineations in the petition. 3. Because the schedule was not sufficiently definite.

BETTS, District Judge, said that, by the rule of the court, the petition should be free from erasures, etc., and the name of the petitioner signed in full. If wanting in conformity to these rules, the papers would be sent back. It was not contemplated by the rule to destroy the merits of an application, unless the sense of the paper was ruined by such erasures and interlineations, or if the papers were grossly imperfect. It is intended to have the papers neatly made out, so that they can readily be read over. In this case, he thought the objections not founded in fact. The petitioner first wrote his name with the ordinary abbreviation of "Rob't," and that was erased and the name written in full. So with the interlineations in the papers. They were not such as affected the sense of the document, but in some instances rendered it more definite. The court did not think it an infringement of the rule, that one or two small words were interlined in the body of a paper. Another objection is, that the schedule is not sufficiently definite. The party sets out family stores. It is not necessary that the petitioner should set forth a perfect and complete exhibit of every article. But it must be so explicit that the assignee or his agent may be enabled to find the property if necessary. And so with wearing apparel. It is not necessary that every article of clothing should be set out, only it should be so set forth that the assignee may be enabled to ascertain whether he can claim it or not.